IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DYLAN ALTEMARA, | ) | Civil Action No. 2:22-cv-1474 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARS AREA SCHOOL DISTRICT, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, DYLAN ALTEMARA, by and through his attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1. This is an action for the redress of grievances and in vindication of civil rights guaranteed to the Plaintiff under the Constitution of the United States and the laws enacted in furtherance thereof, including 42 U.S.C. § 1983.

2. This action is brought against the Defendant for violating Plaintiff's rights under the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

3. Jurisdiction is founded on 28 U.S.C. § 1331 and § 1343(3). Supplemental jurisdiction over Plaintiff's state law claim is also proper pursuant to 28 U.S.C.A § 1367.

4. Venue is proper under 28 U.S.C.A. § 1391(b). All claims set forth herein arose in the Western District of Pennsylvania.

## PARTIES

5. Plaintiff, Dylan Altemara, is an adult individual who resides in Allegheny County, Pennsylvania.

6. Defendant, Mars Area School District, is a governmental entity and/or political subdivision of the Commonwealth of Pennsylvania with administrative offices located at 545 Route 228, Mars, Pennsylvania 16046.

7. At all times relevant hereto, Defendant was acting though its partners, directors, agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

## FACTUAL ALLEGATIONS

8. Plaintiff was employed as a secretary by the Defendant from August of 2018 until his resignation on or about June 11, 2019.

9. In or about October of 2018, Plaintiff filed a worker's compensation claim against the Defendant.

10. On or about June 11, 2019, Plaintiff and Defendant entered into a settlement agreement which settled the Plaintiff's worker's compensation claim. (*See* Exhibit "A" attached hereto.)

11. As part of that settlement agreement, Defendant and Plaintiff agreed to the Plaintiff's resignation from his position with the Defendant effective June 11, 2019.

12. On or about November 22, 2021, Plaintiff was appointed to the position of Contact Representative with the Internal Revenue Service ("IRS").

13. As part of the hiring process, Plaintiff submitted paperwork to the IRS which included information about his former employment history.

14. Sometime thereafter, Defendant sent a letter to the IRS in which Defendant falsely alleged that the Plaintiff was terminated by the Defendant from his position as secretary. This allegation was, and is, substantially and materially false.

15. The materially false allegation by Defendant, as described hereinbefore above, contradicts statements that Plaintiff provided to the IRS as part of the hiring process.

16. In a letter dated June 29, 2022, Plaintiff was informed that as a result of the Defendant's substantially and materially false allegation, as more fully described hereinbefore above, a background investigation was referred to the U.S. Office of Personnel Management for a "suitability determination."

17. The substantially and materially false allegation in Defendant's letter, as more fully described hereinbefore above, falsely indicated that the Plaintiff engaged in wrongdoing and discredited and/or harmed him publicly and/or professionally.

18. As a direct and proximate result of Defendant's letter, which contained a substantially and materially false allegation, a background investigation into the Plaintiff's employment history was referred to the U.S. Office of Personnel Management for a "suitability determination."

19. Furthermore, Defendant's conduct, as described hereinbefore above, constituted a breach of the mutually agreed-upon terms of the settlement agreement entered into by the parties.

20. Defendant breached the terms of the agreement when it falsely indicated to the IRS that the Plaintiff's employment had been terminated when, in reality, Plaintiff had resigned pursuant to the terms of the agreement.

21.     Plaintiff believes, and therefore avers, that, as a direct and proximate result of the Defendant's letter containing a substantially and materially false allegation, he has been given less opportunities for advancement in his employment.

## COUNT I

### PLAINTIFF v. DEFENDANT

### VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

### STIGMA PLUS

22.     Plaintiff incorporates by reference Paragraphs 1 through 21 as though fully set forth at length herein.

23.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendant for violations of Plaintiff's constitutional rights under color of law.

24.     As more fully described hereinbefore above, Defendant sent a letter to the Plaintiff's employer which falsely alleged that the Plaintiff was terminated by the Defendant.

25.     As a direct and proximate result of Defendant's letter, which contained a substantially and materially false allegation, a background investigation into the Plaintiff's employment history was referred to the U.S. Office of Personnel Management for a "suitability determination."

26.     Furthermore, Plaintiff believes, and therefore avers, that, as a direct and proximate result of the Defendant's letter, which contained a substantially and materially false allegation, he has been given less opportunities for advancement in his employment.

Case 2:22-cv-01474-CB   Document 1   Filed 10/18/22   Page 5 of 7

27.     Defendant's letter, which contained a substantially and materially false allegation, as more fully described hereinbefore above, falsely indicated that the Plaintiff engaged in wrongdoing and discredited and/or harmed him publicly and/or professionally.

28.      Plaintiff's constitutionally protected liberty interest in his reputation was violated when Defendant made the above-described false allegation, which has stigmatized Plaintiff's reputation.

30.     As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by the Defendant, Plaintiff suffered the following injuries and damages:

   a.  Plaintiff's right under the Fourteenth Amendment to the United States Constitution to due process of the laws was violated;

   b.  Plaintiff suffered professionally;

   c.  Plaintiff suffered damage to his reputation; and

   d.  Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

                                                                                        JURY TRIAL DEMANDED

5

COUNT II

PLAINTIFF v. DEFENDANT

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

<u>BREACH OF CONTRACT</u>

28. Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth at length herein.

29. As described hereinbefore above, Plaintiff and Defendant entered into a contract when they signed a settlement agreement which included the Plaintiff's resignation from his position with the Defendant.

30. Defendant violated the terms of that agreement when it falsely alleged that the Plaintiff had been terminated, as more fully described hereinbefore above.

31. As a direct and proximate result of the acts mentioned hereinbefore above, perpetrated by Defendant, Plaintiff suffered the following injuries and damages:

    a. Plaintiff's right under Pennsylvania Common Law were violated;

    b. Plaintiff suffered professionally;

    c. Plaintiff suffered damage to his reputation; and

    d. Plaintiff suffered economic damages related to any and all other consequential costs.

WHEREFORE, Plaintiff demands compensatory general damages against the Defendant, in the amount proven at trial; compensatory special damages; costs of suit; reasonable attorney's fees as permitted by law; pre- and post-judgment interest as permitted by law; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

    JURY TRIAL DEMANDED

                        Respectfully submitted,

                        LAW OFFICES OF JOEL SANSONE

                        <u>s/ Joel S. Sansone</u>
                        Joel S. Sansone, Esquire
                        PA ID No. 41008
                        Massimo A. Terzigni, Esquire
                        PA ID No. 317165
                        Elizabeth A. Tuttle, Esquire
                        PA ID No. 322888
                        *Counsel for Plaintiff*

                        Two Gateway Center, Suite 1290
                        603 Stanwix Street
                        Pittsburgh, Pennsylvania 15222
                        412.281.9194

Dated:  October 18, 2022